# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JEFFEREY D. BARBEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-01271 |
| ) | |
| TERRY JAMES LEE, ) | JUDGE CAMPBELL |
| ) | |
| Defendant ) | |

## MEMORANDUM AND ORDER

Plaintiff Jefferey D. Barbee, an inmate in the custody of the Williamson County Sheriff in Franklin, Tennessee, has filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He has also filed an application to proceed in district court without prepaying fees and costs ("IFP application"). (Doc. No. 2.) The case is before the Court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Plaintiff's submission (Doc. No. 2) establishes that he lacks the funds to pay the filing fee and is therefore **GRANTED**.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most

favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that the Defendant, a fellow inmate, badgered him with sexual comments on November 4, 2018, including name-calling, telling Plaintiff to perform sexual acts, and threatening to sexually assault Plaintiff's mother. (Doc. No. 1 at 5.) He alleges that Defendant's taunting is "very upsetting and disturbing" because Plaintiff is homosexual. (*Id.*) Plaintiff does not allege that he was actually assaulted or compelled to engage in any sexual activity. He states that he reported Defendant's comments to jail personnel on November 5, 2018, and the Complaint was signed on November 6, 2018. (*Id.* at 5–6.) He names the fellow inmate as the sole Defendant, and seeks an injunction to prevent further harassment and teasing on the basis of his sexual preference. (*Id.* at 6.)

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a Section 1983 claim, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Even assuming that a single day of harassment could satisfy the first prong, Plaintiff has clearly failed to satisfy the second element in this case. Inmates do not act "under color of any

state 'statute, ordinance, regulation, custom, or usage'" as required to be liable under Section 1983. *Nobles v. Brown*, 985 F.2d 235, 238 (6th Cir. 1992) (holding that prisoner who captured and raped corrections officer was not liable under Section 1983 and the plaintiff's injury was "simply not compensable in a federal civil rights action"). Another district court in this circuit has explained why a prisoner's Section 1983 claim against a fellow inmate must be dismissed:

> Defendant Dockery must be dismissed from this § 1983 action because that statute requires that the alleged deprivation be committed by a person acting under color of state law. The statute does not protect against private action. In order to be subject to suit under § 1983, Defendant Dockery's conduct must be fairly attributable to the state; that is, the challenged action must have been taken under color of state law. *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988); *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–39 (1982); *Simescu v. Emmet Cnty. Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991). Plaintiff fails to allege facts showing that the conduct of fellow inmate Defendant Dockery in assaulting Plaintiff at GRCC was taken under color of state law. *See Nobles v. Brown*, 985 F.2d 235 (6th Cir.1992); *Butler v. Jenkins*, 450 F.Supp. 574 (E.D. Tenn. 1978). Thus, Defendant Dockery is not subject to suit under § 1983, warranting dismissal of the § 1983 claim against him.

*Means v. Brown*, No. 4:14CV-P32-M, 2014 WL 5439293, at *2 (W.D. Ky. Oct. 22, 2014). Except where the state can be fairly said to be responsible for an otherwise private actor's conduct, such as where the state has provided "significant encouragement" to the action or the actor is a "willful participant in joint activity with the State or its agents," a private individual is not liable for civil rights violations under Section 1983. *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982)).

Plaintiff has not alleged that any state agents participated in, encouraged, or were even aware of his fellow inmate's harassment until he reported it the following day. Accordingly, Plaintiff has not alleged that the Defendant acted under color of state law, and he fails to state a claim under Section 1983.

For the reasons explained above, this action is **DISMISSED** for failure to state a claim

upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B). Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE